Paul Swenson Prior, Esq.
Nevada Bar No. 9324
Theresa L. Guerra, Esq.
Nevada Bar No. 15235
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: sprior@swlaw.com
       tguerra@swlaw.com

*Attorneys for Defendant Lowe's Home Centers, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL DOMINGO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a Foreign Limited Liability Company; DOES 1 through 25, inclusive; ROE CORPORATIONS 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br><br>**NOTICE OF REMOVAL** |

**TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

PLEASE TAKE NOTICE THAT Defendant Lowe's Home Centers, LLC ("Lowe's"), a North Carolina limited liability company pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby removes to this Court Case No. A-21-827877-C, bearing the above caption and currently pending in Department 11 of the Eighth Judicial District Court, Clark County, Nevada (the "Action"). Removal is warranted because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §1332 and all other requirements for removal have been met.

**I.    RELEVANT PROCEDURAL BACKGROUND**

On September 28, 2020, Plaintiff Samuel Domingo ("Plaintiff") filed a Charge of Discrimination (the "Charge") with the Nevada Equal Rights Commission ("NERC"). On October

1  19, 2020, the NERC closed Plaintiff's case because the Plaintiff had sought a Right to Sue letter
2  from the Equal Employment Opportunity Commission ("EEOC").  On December 22, 2020, the
3  EEOC issued its Notice of Right to Sue to Plaintiff.  On January 14, 2021, Plaintiff filed a
4  Complaint initiating the Action (the "Complaint").  A true and correct copy of the Complaint is
5  attached hereto as **Exhibit A**.  Plaintiff served Lowe's a Summons and Complaint on February 3,
6  2021.  A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit B**.
7  A true and correct copy of the docket for the Action is attached hereto as **Exhibit C**.

## II. NATURE OF COMPLAINT

Plaintiff's Complaint seeks monetary damages.  Plaintiff alleges race and national origin discrimination and retaliation related to conflicts he experienced while working at Lowe's.  Plaintiff alleges, *inter alia*, he is entitled to damages for his mental and emotional distress, attorney's fees, and other damages in excess of $15,000.  Plaintiff's Charge demands back pay for two years at a rate of $17.79/hour.

The causes of action asserted in the Verified Complaint are: (1) Race and National Origin Discrimination/Violation of NRS Chapter 613; and (2) Retaliation in violation of NRS Chapter 613.

## III. BASIS FOR REMOVAL

Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  As discussed herein, this action is removable under 28 U.S.C. §1441(a) because the district court has original jurisdiction under 28 U.S.C. § 1332 (diversity), venue is proper in the District of Nevada, and this Notice of Removal is timely filed.

### A. Complete Diversity Exists Among the Parties.

The Action satisfies 28 U.S.C. § 1332(a)(2)'s requirement that civil actions be between citizens of a State and citizens or subjects of a foreign state.  There is complete diversity between the parties, as described below.

Plaintiff: The Complaint alleges that Plaintiff is a resident of Clark County, Nevada.  Ex. A

- 2 -

4842-1375-2542

(Compl.) ¶ 1. Plaintiff is therefore a citizen of the State of Nevada for the purposes of determining diversity jurisdiction.

<u>Defendant</u>: The Complaint correctly alleges that Lowe's is a Foreign Limited Liability Company. *Id.* ¶ 2. Lowe's is incorporated in North Carolina, where it also maintains its headquarters. Lowe's is therefore a citizen of the State of North Carolina for the purposes of determining diversity jurisdiction.

<u>Defendant Does and Roes 1 through 25</u>: The Complaint alleges that Plaintiff does not know the true names and capacities of defendants sued as Does 1 through 25 and Roe Corporations 1 through 25 and therefore sues those defendants by fictitious names. *Id*. ¶ 3. "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).

As Plaintiff is a citizen of the State of Nevada and the non-fictious Defendant Lowe's is a citizen of the State of North Carolina, complete diversity exists between the parties.

**B.     The Amount in Controversy Requirement Is Satisfied.**

The Action satisfies the $75,000 amount in controversy requirement under 28 U.S.C. § 1332(a). Plaintiff alleges that Lowe's has discriminated and retaliated against him, resulting in his termination. Front and back pay are available damages for employees who have been discriminated against by employers in violation of NRS Chapter 613. *See Gotthardt v. National R.R. Passenger Corp.*, 191 F.3d 1148, 1154-55 (9th Cir. 1999) (explaining that remedies for Title VII claims include back pay and front pay, and that there is no cap on damages for front pay); *see* NRS 613.432 (providing that all remedies available under Title VII are also available under NRS Chapter 613); *see Stewart v. SBE Entertainment Group,* LLC, 239 F. Supp. 3d 1235, 1246 n. 16 (D. Nev. 2017) (explaining that Nevada law governing unlawful employment practices, set forth in NRS Chapter 613 is "almost identical" to Title VII, and therefore, courts apply the same analysis to both). Relevant remedies also include compensatory damages such as "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses" along with punitive damages. *See* 42 U.S.C. § 1981a(b)(3).

4842-1375-2542

Plaintiff has claimed that he is entitled to two years of back pay[1]; however, as a full-time worker at $17.79/hour, two years of back pay totals approximately $71,926.40. Front pay from the time that Plaintiff was fired until the present—about 29 weeks—totals approximately $20,636.40. Front and back pay alone exceed the jurisdictional threshold by totaling $92,562.80. This does not include time off, benefits, Plaintiff's claims for attorneys' fees, and "interest thereon at the legal rate until paid in full" (Compl. pg. 7 ¶¶ 2 and 3), Plaintiff's claims for emotional distress, compensatory damages, or punitive damages.

### C. Venue is Proper in the District of Nevada.

Venue is proper in the District of Nevada because it is the "district and division embracing the place where [this] action is pending." 28 U.S.C. §1441(a). The Action is pending in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark. This Court includes and embraces Clark County. *See* 28 U.S.C. §108. This Court is therefore the proper Court to which the action should be removed. *See* 28 U.S.C. §1441(a).

### D. Removal is Timely.

A notice of removal must be filed within 30 days after service of the pleading which makes the defendant a party to the state action. 28 U.S.C. § 1446(b). The thirty-day period for removal does not begin to run until a party has received a copy of the Complaint and has been properly served. *See Murphy Brother, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

Plaintiff served Lowe's resident agent with the Verified Complaint on February 3, 2021. Thus, the deadline to remove this action is March 5, 2021. Thus, this notice is timely.

## IV. CO-DEFENDANT CONSENT TO REMOVAL

To the best of the Lowe's knowledge, there are no other defendants whose consent to removal is required. Upon information and belief, no other party has been "joined and served" pursuant to 28 U.S.C. § 1446(b)(2)(A). *See* Ex. B (State Court Docket).

---

[1] In his Charge, it appears that Plaintiff was calculating an amount to the date that he filed his Charge at $6,224.40. However, given his demand for two years of pay, this amount does not reflect his demand for two years pay.

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

4842-1375-2542

### V. PLEADINGS, PROCESS, ORDERS, AND NOTICE

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon, or otherwise received by Lowe's is attached hereto as **Exhibit B.**

The Defendants will also file a Notice of Removed Action in the Eighth Judicial District Court, Clark County, Nevada, a true and correct copy of which (excluding exhibits) is attached hereto as **Exhibit D**.

### VI. CONCLUSION

Because Lowe's has timely filed its notice of removal of the Action, for which this Court has original, diversity jurisdiction, and because all other requirements for removal have been met, the Action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a). Accordingly, Lowe's respectfully requests this Court assume full jurisdiction over the Action and that the Action be removed to the United States District Court for the District of Nevada.

Dated: March 5, 2021                              SNELL & WILMER L.L.P.

By: */s/ Paul Swenson Prior*
Paul Swenson Prior, Esq.
Nevada Bar No. 9324
Theresa L. Guerra, Esq.
Nevada Bar No. 15235
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendant Lowe's Home Centers, LLC*

4842-1375-2542

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **NOTICE OF REMOVAL** by method indicated below:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☒ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

Patrick W. Kang, Esq.
Kyle R. Tatum, Esq.
Tiffany S. Yang, Esq.
Kang & Associates, PLLC
6480 W. Spring Mountain Rd., Suite 1
Las Vegas, NV 89146
*Attorneys for Plaintiff*

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery by               , a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

DATED this 5th day of March, 2021.

*/s/ Maricris Williams*
An employee of SNELL & WILMER L.L.P.

4842-1375-2542

INDEX OF EXHIBITS TO NOTICE OF REMOVAL

| Exhibit No | Description | No. of Pages |
|---|---|---|
| A | Complaint | 9 |
| B | Summons and Complaint | 12 |
| C | Docket | 1 |
| D | Notice of Removed Action | 4 |

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

- 7 -

4842-1375-2542