# Exhibit A

# Complaint

Electronically Filed
1/14/2021 4:13 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 010381
**KYLE R. TATUM, ESQ.**
Nevada Bar No.: 013264
**TIFFANY S. YANG, ESQ.**
Nevada Bar No.: 015353
**KANG & ASSOCIATES, PLLC**
6480 West Spring Mountain Road, Suite 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468

*Attorneys for Plaintiff*

CASE NO: A-21-827877-C
Department 11

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SAMUEL DOMINGO, an Individual; <br><br> Plaintiff, <br><br> vs. <br><br> LOWE'S HOME CENTERS, LLC., a Foreign Limited Liability Company, DOES 1 through 25, inclusive; ROE CORPORATIONS 1 through 25, inclusive. <br><br> Defendants. | Case No.: <br> Dept. No.: <br><br> **COMPLAINT** <br><br> **CAUSE OF ACTION** <br> **(1) Race/National Origin Discrimination** <br> **(2) Retaliation** |

**COMPLAINT**

COMES NOW, Plaintiff, SAMUEL DOMINGO, (hereinafter "Plaintiff"), by and through his attorneys of record, Patrick W. Kang, Esq., Kyle R. Tatum, Esq., and Tiffany S. Yang, Esq., of the law firm of KANG & ASSOCIATES, PLLC, as and for her Complaint against Defendants, and hereby complains, alleges and states as follows:

///
///
///
///

*1 COMP*

## PARTIES

1. SAMUEL DOMINGO (hereinafter "Domingo" or Plaintiff) was at all times relevant a resident of Clark County, Nevada.

2. LOWE'S HOME CENTERS, LLC. was at all times relevant a Foreign Limited Liability Company conducting business in the State of Nevada in the County of Clark.

3. Defendants DOES 1-25 and ROE CORPORATIONS 1-25 are fictitious names referring to persons, corporations, partnerships, limited liability companies, joint ventures and/or other entities who may have or had a beneficial or other interest in Defendants at or subsequent to the events which form the basis of this lawsuit. Plaintiff will request leave of this Court to amend the Complaint to substitute the actual names of these unknown parties at such time as the true names of DOES and ROE CORPORATIONS become known.

4. Defendants are agents, servants, employees, employers, trade ventures, partners and/or family members of each other. At the time of the incident described in this complaint, Defendants were acting within the color, purpose and scope of their relationships, and by reason of their relationships, Defendants are jointly and severally and/or vicariously responsible and liable for the acts and omissions of their co-Defendants.

## VENUE AND JURISDICTION

5. This is a civil complaint brought in District Court under statutes prohibiting discrimination in order to secure protection and redress for deprivation of rights under these laws.

6. Venue is proper in Clark County, Nevada pursuant to NRS 13.101 and 13.040.

7. The exercise of jurisdiction by this Court over the Defendant in this civil action is proper pursuant to NRS 14.065.

8. The liability, claims and allegations for which Plaintiff complains and for which Defendants are liable arise out of actions that took place in Clark County, Nevada. Specifically, the

circumstances surrounding the discrimination and adverse employment action, which led to and caused the Plaintiff to sustain injury, occurred within the jurisdiction of Clark County, Nevada.

9. Plaintiff exhausted all necessary administrative remedies through the filing of his Charge of Discrimination with the Nevada Equal Rights Commission ("NERC").

10. Plaintiff received a copy of his "Right to Sue" notice (for charge #1008-20-0355L) (**Exhibit A**) on October 19, 2020. In fulfillment of all jurisdictional requirements for the filing of this suit, including filing of this lawsuit within 90 days of their receipt of the October 19, 2020 Right to Sue Notice.

## GENERAL ALLEGATIONS

11. In or around December 27, 2006, Samuel Domingo (hereinafter "Mr. Domingo") began his employment with Lowe's Home Centers, LLC. as a Lumber Associate.

12. On January 8, 2020, Mr. Domingo was transferred to a different store located at 2570 E. Craig Road, North Las Vegas, 89030.

13. In or around May 1, 2020, Mr. Domingo was harassed by a co-worker, Cody Robinson, due to his race.

14. Mr. Robinson would repeatedly swear at Mr. Domingo and refer to him using racial epithets.

15. Mr. Domingo filed a formal complaint of discrimination with Lowe's Human Resources Department.

16. Upon information and belief, no corrective action or discipline was taken against the offending employee on behalf of Mr. Domingo.

17. Thereafter, Mr. Domingo began being harassed by another co-worker, Jeremy Vest, due to his race, and Mr. Vest similarly made fun of Mr. Domingo's speech and referred to him using racial epithets.

18. Mr. Domingo felt threatened and attempted to walk away from Mr. Vest, but Mr. Vest followed Mr. Domingo throughout the store continuing his use of inappropriate language and racial insults.

19. Mr. Domingo filed another complaint with the Human Resources Department of Lowe's Home Centers, LLC.

20. Upon information and belief, once again, no corrective action or discipline was taken against the offending employee on behalf of Mr. Domingo.

21. On or about August 3, 2020, Mr. Domingo was unjustly discharged from employment by the Store Manager, Jordan Raigozra, for having a verbal altercation with another employee.

22. Despite filing several complaints with Human Resources, Lowe's Home Centers, LLC. failed to engage in any effort to address Mr. Domingo's complaints and concerns that he was being discriminated against based on his race and natural origin.

23. Upon information and belief, Mr. Domingo was terminated due to his engagement in protected activity, including his complaints of discrimination as outlined herein.

24. In the alternative, Mr. Domingo was treated disparately than other similarly situated co-workers not of his race or national origin.

25. All of these actions, including the ongoing and continuous nature of the discriminatory treatment were extreme, outrageous, or otherwise in reckless disregard of Plaintiff's rights, and caused Plaintiff to suffer emotional distress.

26. As a direct and proximate result of the Defendants' conduct, Plaintiff received the injuries mentioned herein.

### FIRST CLAIM FOR RELIEF
(*Race and National Origin Discrimination/Violation of NRS 613 et. al.*)

27. The Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

28. The Defendant, Lowe's Home Centers, LLC., knew or should know of its obligation, pursuant to state statutes, to maintain workplaces free of discrimination based on a person's race and/or national origin.

29. The Defendant, Lowe's Home Centers, LLC., failed to take reasonably adequate steps to prevent discrimination and take corrective measures against reported discrimination based on race and/or national origin in its workplace in Nevada.

30. The Defendant, Lowe's Home Centers, LLC., subjected the Plaintiff to disparate treatment by allowing inappropriate remarks of his appearance, speech and race, thereby prohibiting the Plaintiff's right to work in an environment free of discrimination due to his race and Filipino national origin.

31. The Defendant, Lowe's Home Centers, LLC., acting through and with its' employees, discriminated illegally against the Plaintiff and/or ratified the conduct of its employees by failing to take any corrective action, and allowing the discriminatory conduct to continue.

32. The Plaintiff charges that the Defendant, Lowe's Home Centers, LLC., discriminated against Mr. Domingo based on his race and national origin.

33. Upon information and belief, the Defendant's failure to address his complaints regarding his co-worker's actions were motivated in part by Mr. Domingo's race and national origin.

34. The Plaintiff endured and sustained actual damages including loss of income, grievous mental and emotional suffering, worry, fear, anguish, shock, nervousness, stress and anxiety in an amount subject to proof at trial.

35. The Defendant Lowe's Home Centers, LLC.'s actions were done with willful disregard for the well-established and well-known legal rights of the Plaintiff.

36. As a result of the Defendant's unlawful actions and employment practices, the Plaintiff has suffered mental and emotional distress and has been subjected to other damages, been damaged, and will continue to be damaged in an amount in excess of $15,000.00.

37. The Plaintiff was forced to retain the services of an attorney in order to prosecute this action, and therefore is entitled to an award of reasonable attorneys' fees and costs of suit incurred herein.

## SECOND CLAIM FOR RELIEF

(*Retaliation*)

38. The Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

39. State statutes specifically prohibit an employer from taking retaliatory action against an employee for attempting to invoke his rights under Employment Discrimination Laws as outlined in NRS 613 *et. al.,* and others.

40. Plaintiff expressed his concerns about the verbally harassing conduct, the intimidation, the racial discrimination, and the disparate treatment he was experiencing in the Defendant's workplace.

41. After receiving notice of the Plaintiff's complaints, Defendant, its' supervisors, its' agents and its' employees engaged in discriminatory and retaliatory conduct by subjecting Mr. Domingo to adverse actions and ultimately retaliatory discharge.

42. Upon information and belief, other similarly situated employees not of the Plaintiff's race or national origin were treated more favorably than the Plaintiff.

43. Defendant's actions were done with willful disregard for the well-established and well-known rights of Mr. Domingo.

44. As a result of the Defendant's unlawful actions and employment practices, the Plaintiff has suffered mental and emotional distress and has been subjected to other damages, been damaged, and will continue to be damaged in an amount in excess of $15,000.00.

45. The Plaintiff was forced to retain the services of an attorney in order to prosecute this action, and therefore is entitled to an award of reasonable attorneys' fees and costs of suit incurred

herein.

**WHEREFORE**, Plaintiff is entitled to judgment in his favor and against Defendants, as follows:

1. For judgment in an amount in excess of $15,000.00;
2. For all costs and all attorneys' fees incurred and accrued in these proceedings;
3. For interest thereon at the legal rate until paid in full; and
4. For such other and further relief as the Court may deem just and proper.

Dated this __14__ of January, 2021.

                                              **KANG & ASSOCIATES, PLLC**

                                              __/s/Kyle R. Tatum, Esq.__
                                              **PATRICK W. KANG, ESQ.**
                                              Nevada Bar No.: 010381
                                              **KYLE R. TATUM, ESQ.**
                                              Nevada Bar No.: 13264
                                              **TIFFANY S. YANG, ESQ.**
                                              Nevada Bar No.: 015353
                                              **KANG & ASSOCIATES, PLLC**
                                              6480 West Spring Mountain Road, Suite 1
                                              Las Vegas, Nevada 89146
                                              P: 702.333.4223
                                              F: 702.507.1468
                                              *Attorneys for Plaintiff*

# EXHIBIT A

*8 COMP*

| NEVADA EQUAL RIGHTS COMMISSION |  **DETR**<br>Nevada Department of Employment, Training and Rehabilitation | STEVE SISOLAK<br>Governor<br><br>ELISA CAFFERATA<br>Director<br><br>KARA M. JENKINS<br>Administrator |
|---|---|---|

October 19, 2020

Samuel Domingo



RE:   Samuel Domingo vs. Lowe's
      NERC No. 1008-20-0355L     EEOC No. 34B-2020-01150C

Dear Mr. Domingo:

The Nevada Equal Rights Commission (NERC) is closing the case you have filed as you have requested a Right-to-Sue letter from NERC and the Equal Employment Opportunity Commission (EEOC).

**Right-to-Sue Notice:** This letter also constitutes your state Right-to-Sue Notice.

Please be advised that the NERC's closure does not preclude you from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part: "If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a practice has occurred may bring a civil action in district court not later than 90 days after the date of receipt of the right-to-sue notice…"

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice…whichever is later. When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

If you should have any questions, please do not hesitate to contact the Commission at (702) 486-7161.

Sincerely,

*Darrell K. Harris*

Darrell K. Harris
Supervisory Compliance Investigator

1820 East Sahara Avenue, Suite 314 ■ Las Vegas, Nevada 89104 ■ Office (702) 486-7161 ■ Fax (702) 486-7054
www.detr.nv.gov